IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03338-BNB

THOMAS R. BRANDON,

    Applicant,

v.

STEPHEN HARTLEY, Warden, Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Thomas R. Brandon, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility. Mr. Brandon filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and paid the $5.00 filing fee for a habeas corpus action.

    On January 2, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Brandon to file within thirty days an amended § 2254 application that was legible in compliance with Rule 10.1 of the Local Rules of Practice for this Court, asserted exhausted claims, requested habeas corpus relief, and complied with the pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 8 of the Federal Rules of Civil Procedure. *See* ECF No. 4. On February 11, 2013, after being granted an extension of time, Mr. Brandon filed an amended application (ECF No. 8). On February 12, 2013, Magistrate Judge Boland entered a minute order

(ECF No. 9) pointing out that the amended application Mr. Brandon filed on February 11 failed to comply with all the directives of the January 2 order, allowing him thirty days to file a second amended § 2254 application that complied, and warning him that failure to do so within the time allowed would result in the dismissal of the instant action.  On February 28 and March 22, 2013, Magistrate Judge Boland entered minute orders (ECF Nos. 11 and 13) granting Mr. Brandon a total of sixty days in which to file the second amended habeas corpus application that complied with the January 2 and February 12 orders.  Both minute orders warned Mr. Brandon that failure to do so within the time allowed would result in the dismissal of the instant action.

Mr. Brandon has failed, within the time allowed, to file a second amended application as directed, or otherwise to communicate with the Court in any way.  Therefore, the amended application (ECF No. 8) will be denied and the action dismissed without prejudice for failure to comply with the January 2 and February 12 orders as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis status* will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Brandon files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 (ECF No. 8) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Thomas R. Brandon, within the time allowed, to file a second and final amended application as directed in the orders of January 2, 2013, and February 12, 2013, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of  April , 2013.

BY THE COURT:

 s/Lewis T. Babcock 
LEWIS T. BABCOCK, Senior Judge
United States District Court