IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03338-BNB

THOMAS R. BRANDON,

     Applicant,

v.

STEPHEN HARTLEY, Warden, Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Thomas R. Brandon, is a prisoner in the custody of the Colorado
Department of Corrections who currently is incarcerated at the Arkansas Valley
Correctional Facility in Crowley, Colorado.  He filed *pro se* on May 10, 2013, a letter
(ECF No. 19) in which he asks the Court to reconsider and vacate the Order of
Dismissal and the Judgment entered in this action on April 29, 2013.  The Court must
construe the letter liberally because Mr. Brandon is not represented by an attorney.
*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991).  The letter will be treated as a motion to reconsider.   For the
reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the
district court of that adverse judgment, may "file either a motion to alter or amend the
judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment
pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Brandon's May 10 motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant action pursuant to Fed. R. Civ. P. 41(b) based on Mr. Brandon's failure within the time allowed to file a second amended application as directed or otherwise to communicate with the Court in any way.  The April 29 dismissal order discusses in detail the reasons for dismissing the instant action, which did not occur seven days after the deadline for Mr. Brandon to file the second amended application.  Applicant contends that he communicated with the Court on April 17, 2013, asking for another thirty-day extension of time.  However, no such a communication was received.  In any event, the dismissal was without prejudice.  If Mr. Brandon wishes to pursue his claims he may do so by initiating a new and separate action that complies

with the orders for an amended application (ECF Nos. 4 and 9) entered in this action.

Should Mr. Brandon decide to initiate a new and separate action, he should not use the

docket number for this case on the new case.

After consideration of the motion and the entire file, the Court finds that Mr.

Brandon fails to demonstrate some reason why the Court should reconsider and vacate

the order to dismiss this action.  The Fed. R. Civ. P. 59(e) motion does not alter the

Court's conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ.

P. 59(e) motion will be denied.

Accordingly, it is

ORDERED that the letter (ECF No. 19) that Plaintiff, Thomas R. Brandon, filed

*pro se* on May 10, 2013, and which the Court has treated as a motion to reconsider

pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  17th  day of ____ May ____ , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court