IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03338-LTB

THOMAS R. BRANDON,

    Applicant,

v.

STEPHEN HARTLEY, Warden, Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

REOPEN CASE AND
ORDER TO FILE PRE-ANSWER RESPONSE

---

Pursuant to the Court's recent review of ECF Nos. 20, 21, 22, and 23 in this case, the Court finds the action should be reopened and returned to the Pro Se Docket for further preliminary consideration. As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 8, filed on February 11, 2013, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate with respect to two claims: (1) ineffective assistance of counsel as stated on Pages Five through Ten; and (2) newly discovered evidence as stated on Pages Ten through Fourteen. *See* ECF No. 8.

Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or

exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).   If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Pre-Answer Response.   Respondents may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.   Applicant should address equitable tolling, specifically if he has pursued his claims diligently and if some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Applicant also should include any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice. Accordingly, it is

ORDERED that the Clerk of the Court shall be reopened and return the case to the Pro Se Docket for further initial review.   It is

FURTHER ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order.   It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Pre-Answer Response.

DATED at Denver, Colorado, this 24th day of February, 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court