IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03338-LTB

THOMAS R. BRANDON,

    Applicant,

v.

STEPHEN HARTLEY, Warden, Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER

Before the Court are Respondents' Motion for Reconsideration (ECF No. 32; April 15, 2016) and Motion for Extension of Time to File Pre-Answer Response in Light of Motion to Reconsider (ECF No. 33; April 15, 2016). For the reasons set forth below, the Court DENIES the Motion for Reconsideration and GRANTS the Motion for Extension of Time.

Applicant Thomas R. Brandon is in the custody of the Colorado Department of Corrections and is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He initiated this action *pro se* on December 26, 2012 with an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). The Court directed him to file an Amended Application, and he did so on February 11, 2013. (ECF Nos. 4, 8). The Court again directed him to amend the Application. (ECF No. 9). Applicant requested additional time to comply with the Court's order, which was granted, setting a deadline of April 22, 2013. (ECF Nos. 10, 11, 12, 13). On April 29, 2013, the Court

entered an Order of Dismissal, as it had not received a Second Amended Application or any other communication from Applicant. (ECF No. 14).

On the same day but after entry of the Order of Dismissal, a letter from Applicant dated April 17, 2013 was filed with the Court, in which Applicant requested additional time to comply with the Court's order. (ECF No. 16). Applicant continued to contact the Court about leave to submit a Second Amended Application, despite the Order of Dismissal. (ECF Nos. 19, 21, 22, 23). The Order of Dismissal remained in effect until the Court's recent review of Applicant's continued correspondence, which resulted in the Order to reopen this matter. (ECF No. 24). In light of the re-opening of this case, the Court ordered a Pre-Answer Response limited to two claims raised in the Amended Application at ECF No. 8, which is the operative pleading in this action.[1] (*Id.*).

In the Motion for Reconsideration, Respondents request that the Court reconsider the Order to reopen this action. (ECF No. 32). They allege they are prejudiced because the reopening of the case "potentially deprives them of a valid defense: the statute of limitations." (*Id.* at 4). They further allege, *inter alia*, that Applicant did not diligently pursue his rights, as he continued attempting to litigate this action, instead of initiating a new matter. (*Id.* at 15).

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Such motions are often decided under Fed. R. Civ. P. 59(e), "Motion to Alter or Amend a Judgment," or 60(b), "Grounds for Relief from a Final Judgment, Order, or Proceeding." *See id.* The instant Motion for

---

[1] Applicant submitted a proposed Second Amended Application, but this document was provided after entry of the Order of Dismissal and was not accepted for filing by the Court. (*See* ECF No. 19-1).

Reconsideration is directed to a nonfinal order. As explained by the U.S. Court of Appeals for the Eighth Circuit, "[b]y its terms, only Rule 60(b) encompasses a motion filed in response to an order." *Id.* Thus, the Court decides the Motion for Reconsideration under the Rule 60(b) standard. *See id.*; *see also Buhl v. U.S. Dep't of Justice*, No. 15-CV-01179-LTB, 2015 WL 6956501, at *1 (D. Colo. Nov. 10, 2015) (applying Rule 60(b) to request for reconsideration of a nonfinal order).

> Rule 60(b) allows a court to grant relief from an order for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged . . . ; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is extraordinary and may only be granted in exceptional circumstances." *Id.* at 1009 (internal punctuation and citation omitted).

Here, the Court properly exercised its discretion to reopen this action, and reversal of the Order doing so is unwarranted. The Rule 60(b) standard favors reopening this action as previously requested by Applicant and denying Respondents' Motion. The facts regarding the timing of Applicant's April 17, 2013 request for additional time were

misapprehended due to the difference in the date of the letter and the date of filing.[2] (ECF No. 16; *see also* ECF No. 20 (misapprehending fact that Applicant attempted to communicate with the Court prior to the Order of Dismissal)). This action should move forward on the Amended Application dated February 11, 2013. (ECF No. 8). Requiring Applicant to initiate a new case could subject him to a statute of limitations defense, which is not in the interests of justice considering the procedural history of this matter. Respondents claim prejudice based upon the so-called loss of a statute of limitations defense, but Respondents may still raise the defenses available to them at the time the Amended Application was filed. The alleged prejudice does not outweigh Applicant's right to his day in court. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*pro se* litigants are "held to a less stringent standard"). Accordingly, it is

ORDERED that Respondents' Motion for Reconsideration (ECF No. 32; April 15, 2016) is **DENIED**. It is

FURTHER ORDERED that Respondents' Motion for Extension of Time to File Pre-Answer Response in Light of Motion to Reconsider (ECF No. 33; April 15, 2016) is **GRANTED**. **Within twenty-one days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with the Order to File Pre-Answer Response (ECF No. 24; Feb. 24, 2016). It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response**, Applicant may file a Reply, if he desires. It is

---

[2] "Under the federal prisoner mailbox rule, a *pro se* prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing." *Burger v. Scott*, 317 F.3d 1133, 1137 n.3 (10th Cir. 2003) (citation omitted). Applicant certifies in the subject letter "that on the 17th Day of April, 2013, a true and correct copy of the foregoing was placed in the U.S. Mail, postage prepaid . . ." (ECF No. 16 at 2).

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Pre-Answer Response.

DATED at Denver, Colorado, this 5th day of   May, 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
U.S. Senior District Judge